UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID T.,

               Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C21-886 RAJ

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of his applications for supplemental security income and disability insurance benefits. Plaintiff contends the ALJ erred by rejecting (1) his symptom testimony, (2) the opinions of David Mashburn, Ph.D., and (3) the opinions of Leslie Postovoit, Ph.D., and Richard Borton, Ph.D. Dkt. 12 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 56 years old, has at least a high school education, and has no past relevant work. Admin. Record ("AR") (Dkt. 10) 27. On September 30, 2019, Plaintiff

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

applied for benefits, alleging disability as of January 1, 2010. AR 16, 172–78. Plaintiff's applications were denied initially and on reconsideration. AR 68–95. At Plaintiff's request, ALJ Bonnie Hannan held a telephonic hearing. AR 34–67. At the hearing, Plaintiff, through counsel, moved to amend his alleged disability onset date to September 30, 2019, which effectively dismissed his disability insurance benefits claim. AR 41. The ALJ granted this request. AR 16.

ALJ Hannan subsequently issued a decision finding Plaintiff not disabled. AR 16–29. In relevant part, ALJ Hannan found Plaintiff had severe impairments of depression, posttraumatic stress disorder, anxiety, and borderline personality disorder. AR 19. The ALJ found Plaintiff had the residual functional capacity to perform work at all exertional levels, with additional cognitive, adaptive, and social limitations. AR 23.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–4.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

### A.   Plaintiff's Testimony

Plaintiff contends the ALJ erred by failing to give clear and convincing reasons to reject his testimony. Dkt. 12 at 2–5. Plaintiff testified he cannot work because of anxiety and inability to maintain appropriate relationships with others. AR 45, 216. He testified

he has anxiety attacks that interfere with his ability to focus, read, and, at times, leave his home.  AR 47–49, 54, 221, 247.  He testified to social outbursts, such as while riding public transportation or when interacting with close friends and family.  AR 55–56.  He testified he has trouble interacting with people due to paranoia and anger.  AR 60, 222, 247.  He testified he has depression that makes it difficult to eat and get dressed, and causes him to sleep approximately 16 hours every day.  AR 60–61, 242.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).  At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; she does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged.  *Id.*  The ALJ found Plaintiff met this step.  AR 24.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014–15.

The ALJ erred in rejecting Plaintiff's symptom testimony.  An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence.  *See*

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  But the ALJ must explain how the medical evidence contradicts the claimant's testimony.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Here, the ALJ merely documented some of the evidence, failing to provide any analysis as to how it contradicted Plaintiff's testimony.  *See* AR 24.  The ALJ noted Plaintiff variously reported or showed an anxious, irritable mood, and labile, reactive affect, among other things.  AR 24, 538, 550, 568, 578.  The ALJ attempted to contrast this by pointing to findings of normal memory, hygiene, fund of knowledge, concentration, insight, and judgment.  AR 24, 552–53, 560, 563, 584.  But those findings are not in contradiction.  One may have a normal memory and an anxious mood at the same time.  Plaintiff displayed just that, as he showed psychomotor agitation, pressured and tangential speech, labile affect, and depressed, anxious mood at many of the appointments to which the ALJ cited as showing normal findings.  AR 552–53, 560, 563, 584.  The ALJ failed to give any reasonable explanation as to how the medical evidence contradicted Plaintiff's testimony, and therefore erred.

The ALJ further erred in rejecting Plaintiff's testimony as contradicted by his daily activities.  The ALJ noted Plaintiff handled his own personal care, prepared his own meals, used public transportation, and had friends.  AR 25.  "One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  The ALJ failed to identify how Plaintiff was engaging in these activities to an extent that they

contradicted his testimony. The ALJ therefore erred in rejecting Plaintiff's testimony.

B.     Dr. Mashburn's Opinions

Plaintiff contends the ALJ erred by rejecting Dr. Mashburn's opinions. Dkt. 12 at 5–6. Dr. Mashburn examined Plaintiff on March 5, 2020. AR 549–55. Dr. Mashburn opined Plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal work day and week without interruptions from his psychologically based symptoms. AR 551.

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Dkt. 16 at 5–6. In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo*, 871 F.3d at 674. Thus, the regulations

require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

The ALJ rejected Dr. Mashburn's opinions based on the same medical evidence analysis used to reject Plaintiff's testimony. AR 26. That analysis fails with respect to Dr. Mashburn's opinions for largely the same reasons it failed with respect to Plaintiff's testimony. The mere fact that Dr. Mashburn documented some normal functioning in addition to abnormal functioning does not justify rejecting his opinions. The ALJ must explain why that normal functioning contradicts Dr. Mashburn's opinions, and how it is more relevant than the abnormal findings. *See Garrison*, 759 F.3d at 1012–13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.")). The ALJ did neither, and therefore erred in rejecting Dr. Mashburn's opinions.

    **C.**     **Dr. Postovoit's and Dr. Borton's Opinions**

Plaintiff contends the ALJ erred by rejecting Dr. Postovoit's and Dr. Borton's

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 6

opinions. Dkt. 12 at 5. Dr. Postovoit reviewed Plaintiff's records as part of the initial determination of his disability claims. AR 73–78. Dr. Postovoit opined Plaintiff should be limited to occasional, superficial interaction with the public due to his history of outbursts, but could have more frequent interactions with supervisors and coworkers. AR 77.

Dr. Borton reviewed Plaintiff's records as part of the reconsideration determination of his disability claims. AR 82–87. Dr. Borton opined Plaintiff was moderately limited in his ability to interact appropriately with the general public, and accept instructions and respond appropriately to criticism from supervisors. AR 86. Dr. Borton opined Plaintiff could interact with the public on an occasional/superficial basis due to his history of outbursts. AR 87. Dr. Borton opined Plaintiff could have frequent interaction with supervisors, but noted Plaintiff "is hypersensitive to criticism and tends to hold grudges for longer periods than most people." *Id.*

The ALJ rejected these opinions because Plaintiff "spends time with friends and uses public transportation, suggesting that he is not completely socially isolated." AR 25. The ALJ once again failed to adequately explain her reasoning. *See Garrison*, 759 F.3d at 1012–13. That Plaintiff was not completely isolated does not show he could have more than occasional, superficial interaction with the public, for example. The ALJ therefore erred.

### D. Scope of Remand

Plaintiff cursorily asks the Court to remand this matter for an award of benefits.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 7

Dkt. 12 at 6. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)). Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony, Dr. Mashburn's opinions, Dr. Postovoit's opinions, and Dr. Borton's opinions. The ALJ shall reassess Plaintiff's residual functional capacity, and all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of March, 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 8